GREGORY G. ISKANDER, Bar No. 200215
NATALIE M. JANSEN, Bar No. 286401
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
giskander@littler.com
njansen@littler.com

Attorneys for Defendant
CVS HEALTH CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA CRINER,<br><br>        Plaintiff,<br><br>v.<br><br>CVS HEALTH, and DOES 1 and 20,<br><br>        Defendants. | Case No.: _____<br><br>SOLANO COUNTY SUPERIOR COURT CASE NO.: FCS048174<br><br>**DECLARATION OF NATALIE M. JANSEN IN SUPPORT OF DEFENDANT CVS HEALTH CORPORATION'S NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441 &1446]**<br><br>Complaint Filed: December 27, 2016<br><br>Trial Date: None set |

# DECLARATION OF NATALIE M. JANSEN

I, Natalie M. Jansen, hereby declare and state as follows:

1.     I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel for Defendant CVS HEALTH CORPORATION ("Defendant") in the above-entitled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Eastern District and am one of the attorneys responsible for representing said Defendant in this action.  Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.     Attached hereto as Exhibit "A" is a true and correct copy of the documents served on Defendant in the matter of *DELIA CRINER v. CVS HEALTH and DOES 1-20,* designated as Case No. FCS048174 (the "Initial Complaint"), which includes of the Initial Complaint, Summons, Civil Case Cover Sheet, Notice of Case Management Conference One, Offer to Compromise, and Notice of Acknowledgement of Receipt upon Defendant.

3.     Attached here to as Exhibit "B" is a true and correct copy of Defendant's Acknowledgement of Receipt signed on January 19, 2017, accepting service of the Initial Complaint on behalf of Defendant CVS Health.

4.     Attached hereto as Exhibit "C" is a true and correct copy of the First Amended Complaint, filed by Plaintiff on January 27, 2017 and served upon Defendant on February 6, 2017.

5.     Attached hereto as Exhibit "D" is a true and correct copy of Defendant's Answer to Plaintiff's First Amended Complaint, filed on February 21, 2017 in the Superior Court of California, County of Solano.

6.     As of today, I am not aware of any other parties that have been named or validly served with the Summons and Complaint in this matter.

7.     Other than the court proceedings and documents attached hereto, I am not aware of any further proceedings or filings regarding this case in Solano County Superior Court.

LITTLER MENDELSON, P.C.
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94587
925.932.2468

2.

DECLARATION OF NATALIE M. JANSEN
IN SUPPORT OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on February 21, 2017, in Walnut Creek, California.

Natalie M. Jansen

Firmwide:145668023.1 086794.1026

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

DECLARATION OF NATALIE M. JANSEN IN SUPPORT OF NOTICE OF REMOVAL

EXHIBIT A

JOSEPH C. WILSON (SBN 249027)
LAW OFFICES OF JOSEPH C. WILSON
joe@joewilsonlaw.com
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 420-4009
Fax: (415) 796-0875

Attorneys for Plaintiff DELIA CRINER



ENDORSED FILED
Clerk of the Superior Court

DEC 27 2016

By _____
DEPUTY CLERK

ASSIGNED TO
JUDGE _____ MICHAEL MATTICE
FOR ALL PURPOSES

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SOLANO

| | |
|---|---|
| DELIA CRINER,<br><br>               Plaintiff,<br><br>   vs.<br><br>CVS HEALTH,<br>and DOES 1-20<br><br>               Defendants. | Case No.: **FCS048174**<br><br>**COMPLAINT FOR:**<br><br>**1. DISCRIMINATION BASED ON AGE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12900 *et seq*.**<br>**2. VIOLATION OF CALIFORNIA LABOR CODE SECTION 1198.5**<br>**3. BREACH OF IMPLIED-IN-FACT CONTRACT TO DISCHARGE ONLY FOR GOOD CAUSE**<br>**4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

*File By Fax*

Plaintiff DELIA CRINER, by and through her attorneys of record, alleges based on information and belief:

## I.     **INTRODUCTION**

1. The basis of this case is age discrimination coupled with corporate greed, manifested in a corporation's unlawful attempts to get rid of its older, long-term employees to avoid paying them a livable wage.

2. Plaintiff DELIA CRINER ("CRINER") was a hard working employee of Defendant CVS HEALTH and DOES 1-20 ("DEFENDANTS").

3. While working in the employ of DEFENDANTS and in the course and scope of performing her job, CRINER proactively protected her company by thwarting a shoplifter at the store. At all times during this incident CRINER followed all of DEFENDANTS' rules and policies regarding shoplifting.

4. Rather than commending CRINER for her actions, DEFENDANTS' used the incident as a pretext to terminate CRINER for her age.

5. More than a month after the incident, DEFENDANTS' initiated an "investigation" of the incident, and terminated CRINER.

6. DEFENDANTS' reasons for termination were outright lies, and are contradicted by multiple security videos of the incident that are in DEFENDANTS' possession.

7. Thereafter, CRINER requested all documents related to her termination pursuant to California Labor Code section 1198.5.

8. Pursuant to California law, DEFENDANTS had thirty (30) days to produce all records.

9. DEFENDANTS failed to produce all records that were required, and intentionally withheld vital records from production, including a written statement signed by CRINER that absolutely was responsive to CRINER's request and should have been produced.

10. Accordingly, DEFENANTS are required to pay CRINER $750 and reasonable attorney's fees for their violation of California law. CRINER requested payment of $750. Her request was denied.

## II. PARTIES

11.     CRINER is a resident of Fairfield, California.  At all times relevant to this complaint, she was employed by DEFENDANTS in the city of Vacaville, County of Solano.

12.     DEFENDANT CVS HEALTH is a corporation that owns and operates hundreds of stores in the State of California.

13.     At all times relevant herein, CRINER worked at a CVS store in Fairfield, California.

14.     The true names and capacities, whether individual, corporate, associate or otherwise, and the true involvement of defendants herein sued as DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will amend this Complaint to show the true names, capacities, and involvement when ascertained. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that Plaintiff's injuries and damages were proximately caused by said Defendants.

## III. JURISDICTION AND VENUE

15.     This Court has jurisdiction over CRINER's claims pursuant to Cal. Gov. Code § 12965, and the amount in controversy exceeds this Court's jurisdictional minimum.

16.     Venue as to DEFENDANTS is proper in this County because conduct business in this County, have an office in this County, and employed CRINER in this county.  Additionally, the events complained of herein all occurred in this County.

17.     CRINER has exhausted her administrative remedies, filing a claim for discrimination based on age with the California Department of Fair Housing and Employment, and obtaining a "Right-to-Sue" notice on November 28, 2016.

## IV. FACTS

18.     In October 2008, CVS HEALTH acquired Longs Drugs Stores ("Longs").  Prior to being acquired by CVS HEALTH, Longs was a chain of over 500 stores located primarily on the West Coast of the United States, with its headquarters in Walnut Creek, California.

19. Although Longs was a large company, it valued its employees and paid all of them decent wages. In doing so, it built up goodwill with its employees, many of whom were long-term employees who were over the age of 40.

20. When CVS HEALTH acquired Longs, it also acquired and employed Longs former employees.

21. CVS HEALTH did not want to continue paying the former Longs' employees a higher wage than what it was paying its other employees. As a result CVS HEALTH has engaged in a pattern and practice of terminating or cutting the pay of the former Longs' employees. This pattern and practice has adversely affected employees over the age of 40 and thus constitutes age discrimination.

22. CRINER was a former Longs' employee. She had been hired by Longs in 1995 and had continued to work for Longs after CVS HEALTH acquired it.

23. CRINER transitioned into an employee for CVS HEALTH after it purchased Longs.

24. DEFENDANTS employed CRINER as a shift supervisor from approximately 2008 through August 2016. Her previous work service was incorporated and recognized by CVS.

25. CVS HEALTH has a shoplifter apprehension policy for its employees.

26. CVS HEALTH's policy states that Store Management "must make safe apprehensions" of shoplifters. Store Management's "primary goal is to recover merchandise, not detain subjects."

27. Store Management is not allowed to chase, pursue, or follow suspected shoplifters *after* they leave the front of the store. The front of the store is defined as where the sidewalk ends.

28. The policy also states that it *is acceptab*le to make apprehensions in the vestibule or inside the store as they are leaving through the first front door. It is permissible to make a safe apprehension just outside the front doors on the immediate sidewalk area.

1        29.     In June 2016 CRINER was acting as the store manager for the evening shift at

2   CVS HEALTH in Fairfield.

3        30.     During her shift, a CVS HEALTH employee notified CRINER of a woman in the

4   makeup aisle shoplifting.

5        31.     CRINER went to the front of the store and identified the woman in the makeup

6   aisle, and saw the woman holding additional CVS merchandise in her hands.

7        32.     CRINER continued to watch the woman as she went into the vestibule leading to

8   the outside of the store.  CRINER's goal was to watch the woman to see if she would pay for the

9   CVS merchandise she was holding prior to leaving the store, or if in fact she was shoplifting.

10       33.     CRINER watched the woman walking towards the store exit and not stopping to

11  pay for the merchandise she was holding.

12       34.     Pursuant to CVS policy, CRINER attempted to recover the stolen merchandise

13  from the shoplifter while she was in the store.

14       35.     CRINER blocked the shoplifter's path in the store exit and told the shoplifter that

15  she needed to pay for the merchandise in her hands.

16       36.     CRINER then reached and grabbed the merchandise from the shoplifter's hands.

17       37.     The shoplifter was larger than CRINER, and attempted to push past CRINER.

18  CRINER continued to hold onto the CVS merchandise.  She was attempting to follow CVS

19  policy to recover the merchandise.

20       38.     CRINER and the shoplifter engaged in a tug of war over the merchandise.

21  CRINER never struck or shoved the shoplifter.  Her goal was to retrieve the stolen merchandise.

22       39.     A second CVS HEALTH employee ran to CRINER's aid, and took the

23  shoplifter's purse.  CRINER did not take the shoplifter's purse.

24       40.     At that point the shoplifter dropped the stolen merchandise onto the ground, and

25  CRINER recovered the merchandise for CVS HEALTH's benefit.

26       41.     Witnesses to the incident called the police, and the shoplifter was arrested for

27  theft.

28

42. CRINER told her manager about the incident the next day. Nothing happened.

43. In August 2016, more than a month after the incident, CVS initiated an investigation of the shoplifting incident.

44. CVS then terminated CRINER, claiming specifically that CRINER violated its shoplifting policy because she "ran after a customer after leaving the store and grabbed her personal purse and brought it inside and searched it. She pushed the customer during the incident."

45. Video surveillance in CVS HEALTH's possession shows that the reasons CVS HEALTH proffered for termination are false and simply a pretext. CRINER did not run after the shoplifter. CRINER did not grab the shoplifter's purse. CRINER did not push the shoplifter.

46. CVS took advantage of the incident to terminate CRINER as part of its pattern and practice of terminating former Longs' employees because of their higher wages, a practice that violates California law as it adversely impacts employees over the age of 40.

47. On October 4, 2016, CRINER demanded all of her personnel records pursuant to California Labor Code section 1198.5. CRINER's demand included all documents related to her termination.

48. CVS Health responded to CRINER's request on November 11. CVS did not include CRINER's complete personnel file, and specifically excluded a written statement signed by CRINER that related to her termination.

## FIRST CAUSE OF ACTION
### Age Discrimination
*(In violation of Cal. Gov. Code §§ 12900 et seq.)*

49. CRINER re-alleges and incorporates by reference all previous paragraphs herein.

50. The Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 *et seq.*, prohibits discrimination against an employee on account of their age, and provides that it is unlawful for an employer to discharge an employee on the basis of their age.

51. The FEHA also provides that it is illegal to use salary as a basis for differentiating between employees when use of that criterion adversely impacts older workers.

52.    Specifically, California Government Code section 12941 states:

The Legislature declares its intent that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group, and further declares its intent that the disparate impact theory of proof may be used in claims of age discrimination. The Legislature further reaffirms and declares its intent that the courts interpret the state statutes prohibiting age discrimination in employment broadly and vigorously, in a manner comparable to prohibitions against sex and race discrimination, and with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers.

53.    At all times relevant herein, CRINER was over the age of 40 and protected by California's age discrimination statutes.

54.    At all times relevant herein, CVS HEALTH has engaged in a pattern and practice to terminate or cut the pay of Longs employees.  This pattern and practice adversely impacts older workers as a group.

55.    CVS HEALTH engaged in this same pattern and practice against CRINER by terminating her so that they could get rid of her higher salary.  CVS used the shoplifting incident as a pretext to terminate her, as evidenced by their fabricated termination notice that claimed that she ran after the customer, grabbed her purse and shoved her.

56.    A younger worker replaced CRINER.

57.    CRINER was not afforded her rights under FEHA by DEFENDANTS. Instead, she was subjected to unlawful, discriminatory employment practices prohibited by the laws of California.  DEFENDANTS discriminated against CRINER based on her age.

58.    DEFENDANTS knew the substance of the above described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.

59.    As a direct and proximate result of DEFENDANTS' conduct, CRINER has suffered damages in the form of lost future earnings, benefits, and/or other prospective damages, in an amount to be proven at trial.

67. CVS HEALTH failed to produce all documents related to CRINER's performance and termination within thirty days. Specifically, CVS intentionally withheld a written statement it forced CRINER to sign during its "investigation" of the shoplifting incident.

68. CRINER is informed and believes and thereupon alleges that CVS HEALTH continues to withhold documents related to CRINER's termination, and thus has violated California Labor Code section 1198.5.

**THIRD CAUSE OF ACTION**
**Breach Of Implied-In-Fact Contract To Discharge Only For Good Cause**

69. CRINER re-alleges and incorporates by reference all previous paragraphs herein.

70. At all relevant times herein, CRINER and CVS HEALTH had entered into an employment relationship.

71. At all relevant times herein, CRINER and CVS HEALTH had an implied-in-fact contract whereby CVS HEALTH promised, by words or conduct, to terminate CRINER only for good cause.

72. At all relevant times, CRINER substantially performed her job duties.

73. CVS HEALTH discharged CRINER without good cause and under false pretense.

74. As a result of this discharge, CRINER was harmed.

75. As a direct and proximate result of CVS HEALTH's conduct, CRINER has suffered damages in the form of lost future earnings, benefits, and/or other prospective damages, in an amount to be proven at trial.

76. As a further direct and proximate result of CVS HEALTH's conduct, CRINER has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain, distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

77.     In engaging in the conduct alleged herein, DEFENDANTS, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously toward CRINER with conscious disregard for her known rights and with the intention of causing, and or willfully disregarding the probability of causing, unjust and cruel hardship to CRINER. In so acting, DEFENDANTS intended to and did vex, injure and annoy CRINER. Therefore, an assessment of punitive damages should be made against DEFENDANTS in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

## FOURTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

78.     CRINER re-alleges and incorporates by reference all previous paragraphs herein.

79.     California law prohibits an employer from terminating an employee in violation of public policy. California maintains fundamental public policies prohibiting discrimination on the basis of an employee's age. This policy is codified under Cal. Govt. Code §§ 12920, 12940, and under numerous regulations.

80.     DEFENDANTS' termination of CRINER's employment violated these fundamental public policies.

81.     DEFENDANTS knew the substance of the above described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.

82.     As a direct and proximate result of DEFENDANTS' conduct, CRINER has suffered damages in the form of lost future earnings, benefits, and/or other prospective damages, in an amount to be proven at trial.

83.     As a further direct and proximate result of DEFENDANTS' conduct, CRINER has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain, distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

84.     In engaging in the conduct alleged herein, DEFENDANTS, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously toward CRINER, with conscious disregard for her known rights and with the intention of causing, and or willfully disregarding the probability of causing, unjust and cruel hardship to CRINER. In so acting, DEFENDANTS intended to and did vex, injure and annoy CRINER. Therefore, an assessment of punitive damages should be made against DEFENDANTS in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, CRINER prays for relief as follows:

1.     For an order awarding CRINER compensatory damages of $100,000;

3.     For punitive damages according to proof;

4.     For injunctive relief requiring CVS HEALTH to comply with Cal. Lab. Code section 1198.5 as to CRINER and all of its California employees;

5.     For an order awarding $750 in penalties to CRINER and against CVS HEALTH for violating Cal. Lab. Code section 1198.5.

5.     For an award of reasonable attorneys' fees, as provided by Cal. Gov. Code section 12965(b), Cal. Lab. Code section 1198.5 and/or other applicable law;

6.     For all costs of suit; and

7.     For such other and further relief as this Court deems just and proper.

Dated: December 27, 2016                    LAW OFFICES OF JOSEPH C. WILSON

_____
Joseph C. Wilson
Attorney for Plaintiff Delia Criner

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CVS HEALTH and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DELIA CRINER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Solano County Superior Court
580 Texas Street
Fairfield CA 94553

**CASE NUMBER:**
*(Número del Caso):*
FCS048174

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph C. Wilson, 388 Market Street Suite 1300, San Francisco CA 94111

**DATE:** DEC 27 2016
*(Fecha)*

Clerk, by _____ G. Ureta , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Joseph C. Wilson (249027)
388 Market Street, Suite 290
San Francisco CA 94111

TELEPHONE NO: **(415) 420-4009**    FAX NO: **(415) 796-0875**
ATTORNEY FOR *(Name)*: Delia Criner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield 94553
BRANCH NAME: Civil

FOR COURT USE ONLY

ENDORSED FILED
Clerk of the Superior Court

DEC 2 7 2016

G. Urets

By _____
DEPUTY CLERK

CASE NAME:
Criner v. CVS Health

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | **FCS048174** |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE **MICHAEL MATTICE**  DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 27, 2016

Joseph C. Wilson
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*File By Fax*



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

### CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):    DELIA CRINER

Defendant(s):  CVS HEALTH

Case No. FCS048174

NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

Date: APRIL 11, 2017          Time: 9:00 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO: Judge Michael C. Mattice
Department 10

ALL HEARINGS WILL BE HELD AT:   580 Texas Street, Fairfield, CA 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

(1)  Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2)  Service and filing of responsive pleading must be within thirty (30) days after service of the complaint.
The time for filing responsive pleading may not be extended except as authorized by Government Code
section 68616. *Appearance at the Case Management Conference does not excuse a litigant from
the requirement of filing and serving a responsive pleading within this deadline.*

(3)  Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with
the complaint.

(4)  Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference
One* on each cross-defendant with the cross-complaint.

(5)  Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

(6)  A *Case Management Statement* shall be filed with the court and served on all parties by each counsel
by the 15th calendar day before the date set for Case Management Conference One.

(7)  At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE

(8) At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9) Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

(11) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

---

**COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.**

---

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑ I personally served the person named below on (*date*): _____ 12/27/16 _____ at

(*time*) _____.

Name: ~ Kristina Hardy _____

    ☐ Party    ☐ Attorney of Record    ☑ Representative

---

I, _Kristina Hardy_____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

Date: _____12/27/16_____    _K̶H̶̶̶_____

                        Signature

---

☐ I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date: 12/27/16

                      Clerk of the Court
                      Superior Court of California, County of Solano

                      By: _____C. Untz_____

                                  Deputy Clerk

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph C. Wilson (249027)<br>Law Offices of Joseph C. Wilson<br>388 Market Street, Suite 1300<br>San Francisco, CA 94111<br>TELEPHONE NO. (415) 420-4009    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: joe@joewilsonlaw.com<br>ATTORNEY FOR *(Name)*: Delia Criner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fairfield
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield CA 94533
BRANCH NAME: Civil

PLAINTIFF: Delia Criner
DEFENDANT: CVS Health

| ☑ OFFER TO COMPROMISE AND<br>☐ ACCEPTANCE UNDER CODE OF CIVIL PROCEDURE SECTION 998 | CASE NUMBER:<br>FCS048174 |
|---|---|

Note: This form is designed to be used only in civil actions involving a single plaintiff and a single defendant, where the offer and acceptance involves a money judgment. The court will file this offer to compromise and the acceptance only if accompanied by a judgment prepared for the court's signature and entry of judgment.

## OFFER TO COMPROMISE

1. Plaintiff *(name)*: Delia Criner                                          offers to have judgment entered under Code of Civil Procedure section 998 in favor of the plaintiff and against *(name of the defendant)*:
   CVS Health

2. The judgment is to be *(check and complete a or b)*:
   a. ☑  in the amount of  $ 59,500.00
      (1) ☑  Each party shall bear its own costs and fees.
      (2) ☐  Including costs under Code of Civil Procedure section 1032 and attorney's fees.
      (3) ☐  Plus costs under Code of Civil Procedure section 1032
      (4) ☐  Plus costs under Code of Civil Procedure section 1032 and attorney's fees in the amount of  S
      (5) ☐  Plus costs under Code of Civil Procedure section 1032 and attorney's fees allowed by law as determined by the court
   b. ☐  as follows *(describe the terms and conditions of the judgment)*:

   ☐  Continued in attachment 2b.

Date: December 30, 2016

JOSEPH C. WILSON
(NAME OF PARTY OR ATTORNEY FOR PARTY MAKING OFFER)                    ▷  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY MAKING OFFER)

## ACCEPTANCE OF OFFER

3. Defendant *(name)*:                                                                      hereby accepts the offer for the
   judgment stated in items 1 and 2 above.

Date:

_____                                        ▷  _____
(NAME OF PARTY OR ATTORNEY FOR PARTY ACCEPTING OFFER)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY ACCEPTING OFFER)

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-090 [New January 1, 2008]
OFFER TO COMPROMISE AND ACCEPTANCE
UNDER CODE OF CIVIL PROCEDURE SECTION 998
Code of Civil Procedure, § 998<br>www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph C. Wilson (249027)<br>Law Offices of Joseph C Wilson<br>388 Market Street, Suite 1300<br>San Francisco CA 94111<br>TELEPHONE NO: (415) 420-4009    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): joe@joewilsonlaw.com<br>ATTORNEY FOR (Name): Delia Criner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
    STREET ADDRESS: 580 Texas Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: Fairfield 94553
    BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Delia Criner

DEFENDANT/RESPONDENT: CVS Health and Does 1-20

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>FCS048174 |
|---|---|

TO (insert name of party being served): CVS Health

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 30, 2016

Joseph C. Wilson
    (TYPE OR PRINT NAME)         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
    Civil Case Cover Sheet, Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes, Offer to Compromise

(To be completed by recipient):

Date this form is signed:

_____      _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005)

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

EXHIBIT B

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph C. Wilson (249027)
Law Offices of Joseph C Wilson
388 Market Street, Suite 1300
San Francisco CA 94111
TELEPHONE NO. (415) 420-4009     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* joe@joewilsonlaw.com
ATTORNEY FOR *(Name):* Delia Criner

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS 580 Texas Street
MAILING ADDRESS
CITY AND ZIP CODE Fairfield 94553
BRANCH NAME Civil

PLAINTIFF/PETITIONER: Delia Criner

DEFENDANT/RESPONDENT: CVS Health and Does 1-20

NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER
FCS048174

TO *(insert name of party being served):* CVS Health

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 30, 2016

Joseph C. Wilson
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Civil Case Cover Sheet, Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes, Offer to Compromise

*(To be completed by recipient):*

Date this form is signed: 1/19/17

Counsel for CVS Health Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 200215 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Gregory G. Iskander | | |
| FIRM NAME: Littler Mendelson, A Profesional Corporation | | |
| STREET ADDRESS: 1255 Treat Blvd., Suite 600 | | |
| CITY: Walnut Creek   STATE: CA   ZIP CODE: 94597 | | |
| TELEPHONE NO.: (925) 932-2468   FAX NO.: (925) 946-9809 | | |
| E-MAIL ADDRESS: giskander@litter.com | | |
| ATTORNEY FOR (name): Defendant CVS Health Corporation | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano**
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME:

| Plaintiff/Petitioner: Delia Criner | CASE NUMBER: FCS048174 |
|---|---|
| Defendant/Respondent: CVS Health Corporation | |
| **PROOF OF SERVICE-CIVIL** | JUDICIAL OFFICER: Judge Michael Mattice |

**Check method of service (only one):**
- [ ] By Personal Service
- [x] By Mail
- [ ] By Overnight Delivery
- [ ] By Messenger Service
- [ ] By Fax

| | DEPARTMENT: 10 |
|---|---|

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
1255 Treat Blvd., Suite 600, Walnut Creek, CA 94597

3. [ ] The fax number from which I served the documents is *(complete if service was by fax)*:

4. On *(date):* January 19, 2017    I served the following **documents** *(specify):*
Defendant CVS Health Corporation's Acknowledgement of Receipt

[ ] The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

a. Name of person served: Joseph C. Wilson

b. [ ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
Business or residential address where person was served:
Law Offices of Joseph C. Wilson, 388 Market Street, Suite 1300, San Francisco, CA 94111

c. [ ]   *(Complete if service was by fax.)*
(1) Fax number where person was served:

(2) Time of service:

[ ] The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
a. [ ]   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2016]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Code of Civil Procedure, §§ 1011, 1013, 1013a
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

| CASE NAME: | CASE NUMBER: |
|---|---|
| Criner v. CVS Health Corporation | FCS048174 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collecting and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* Walnut Creek, CA

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 19, 2017

Gina Camacho
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT C

1   JOSEPH C. WILSON (SBN 249027)
    LAW OFFICES OF JOSEPH C. WILSON
2   joe@joewilsonlaw.com
    388 Market Street, Suite 1300
3   San Francisco, CA 94111
    Tel: (415) 420-4009
4   Fax: (415) 796-0875

5   Attorneys for Plaintiff DELIA CRINER

6

7

8

9                   IN THE SUPERIOR COURT OF CALIFORNIA

10                  IN AND FOR THE COUNTY OF SOLANO

11  DELIA CRINER,                          Case No.: FCS048174
                                           Assigned to Judge Michael Mattice
12                     Plaintiff,          For All Purposes

13         vs.                             **FIRST AMENDED COMPLAINT FOR:**

14  CVS HEALTH,
    and DOES 1-20                          1. **DISCRIMINATION BASED ON AGE**
15                                            **IN VIOLATION OF CALIFORNIA**
                                              **GOVERNMENT CODE SECTION**
16                     Defendants.            **12900** *et seq.*

17                                         2. **VIOLATION OF CALIFORNIA**
                                              **LABOR CODE SECTION 1198.5**
18
                                           3. **BREACH OF IMPLIED-IN-FACT**
19                                            **CONTRACT TO DISCHARGE ONLY**
                                              **FOR GOOD CAUSE**
20
                                           4. **WRONGFUL TERMINATION IN**
21                                            **VIOLATION OF PUBLIC POLICY**

22                                         **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

                              COMPLAINT                                    1

Plaintiff DELIA CRINER, by and through her attorneys of record, alleges based on information and belief:

## I. **INTRODUCTION**

1. The basis of this case is age discrimination coupled with corporate greed, manifested in a corporation's unlawful attempts to get rid of its older, long-term employees to avoid paying them a livable wage.

2. Plaintiff DELIA CRINER ("CRINER") was a hard working employee of Defendant CVS HEALTH and DOES 1-20 ("DEFENDANTS").

3. While working in the employ of DEFENDANTS and in the course and scope of performing her job, CRINER proactively protected her company by thwarting a shoplifter at the store. At all times during this incident CRINER followed all of DEFENDANTS' rules and policies regarding shoplifting.

4. Rather than commending CRINER for her actions, DEFENDANTS' used the incident as a pretext to terminate CRINER for her age.

5. More than a month after the incident, DEFENDANTS' initiated an "investigation" of the incident, and terminated CRINER.

6. DEFENDANTS' reasons for termination were outright lies, and are contradicted by multiple security videos of the incident that are in DEFENDANTS' possession.

7. Thereafter, CRINER requested all documents related to her termination pursuant to California Labor Code section 1198.5.

8. Pursuant to California law, DEFENDANTS had thirty (30) days to produce all records.

9. DEFENDANTS failed to produce all records that were required, and intentionally withheld vital records from production, including a written statement signed by CRINER that absolutely was responsive to CRINER's request and should have been produced.

10. Accordingly, DEFENANTS are required to pay CRINER $750 and reasonable attorney's fees for their violation of California law. CRINER requested payment of $750. Her request was denied.

## II. PARTIES

11. CRINER is a resident of Fairfield, California. At all times relevant to this complaint, she was employed by DEFENDANTS in the city of Vacaville, County of Solano.

12. DEFENDANT CVS HEALTH is a corporation that owns and operates hundreds of stores in the State of California.

13. At all times relevant herein, CRINER worked at a CVS store in Fairfield, California.

14. The true names and capacities, whether individual, corporate, associate or otherwise, and the true involvement of defendants herein sued as DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will amend this Complaint to show the true names, capacities, and involvement when ascertained. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that Plaintiff's injuries and damages were proximately caused by said Defendants.

## III. JURISDICTION AND VENUE

15. This Court has jurisdiction over CRINER's claims pursuant to Cal. Gov. Code § 12965, and the amount in controversy exceeds this Court's jurisdictional minimum.

16. Venue as to DEFENDANTS is proper in this County because conduct business in this County, have an office in this County, and employed CRINER in this county. Additionally, the events complained of herein all occurred in this County.

17. CRINER has exhausted her administrative remedies, filing a claim for discrimination based on age with the California Department of Fair Housing and Employment, and obtaining a "Right-to-Sue" notice on November 28, 2016.

## IV. FACTS

18. In October 2008, CVS HEALTH acquired Longs Drugs Stores ("Longs"). Prior to being acquired by CVS HEALTH, Longs was a chain of over 500 stores located primarily on the West Coast of the United States, with its headquarters in Walnut Creek, California.

19.     Although Longs was a large company, it valued its employees and paid all of them decent wages. In doing so, it built up goodwill with its employees, many of whom were long-term employees who were over the age of 40.

20.     When CVS HEALTH acquired Longs, it also acquired and employed Longs former employees.

21.     CVS HEALTH did not want to continue paying the former Longs' employees a higher wage than what it was paying its other employees. As a result CVS HEALTH has engaged in a pattern and practice of terminating or cutting the pay of the former Longs' employees. This pattern and practice has adversely affected employees over the age of 40 and thus constitutes age discrimination.

22.     CRINER was a former Longs' employee. She had been hired by Longs in 1995 and had continued to work for Longs after CVS HEALTH acquired it.

23.     CRINER transitioned into an employee for CVS HEALTH after it purchased Longs.

24.     DEFENDANTS employed CRINER as a shift supervisor from approximately 2008 through August 2016. Her previous work service was incorporated and recognized by CVS.

25.     CVS HEALTH has a shoplifter apprehension policy for its employees.

26.     CVS HEALTH's policy states that Store Management "must make safe apprehensions" of shoplifters. Store Management's "primary goal is to recover merchandise, not detain subjects."

27.     Store Management is not allowed to chase, pursue, or follow suspected shoplifters *after* they leave the front of the store. The front of the store is defined as where the sidewalk ends.

28.     The policy also states that it *is acceptab*le to make apprehensions in the vestibule or inside the store as they are leaving through the first front door. It is permissible to make a safe apprehension just outside the front doors on the immediate sidewalk area.

29.    In June 2016 CRINER was acting as the store manager for the evening shift at CVS HEALTH in Fairfield.

30.    During her shift, a CVS HEALTH employee notified CRINER of a woman in the makeup aisle shoplifting.

31.    CRINER went to the front of the store and identified the woman in the makeup aisle, and saw the woman holding additional CVS merchandise in her hands.

32.    CRINER continued to watch the woman as she went into the vestibule leading to the outside of the store. CRINER's goal was to watch the woman to see if she would pay for the CVS merchandise she was holding prior to leaving the store, or if in fact she was shoplifting.

33.    CRINER watched the woman walking towards the store exit and not stopping to pay for the merchandise she was holding.

34.    Pursuant to CVS policy, CRINER attempted to recover the stolen merchandise from the shoplifter while she was in the store.

35.    CRINER blocked the shoplifter's path in the store exit and told the shoplifter that she needed to pay for the merchandise in her hands.

36.    CRINER then reached and grabbed the merchandise from the shoplifter's hands.

37.    The shoplifter was larger than CRINER, and attempted to push past CRINER. CRINER continued to hold onto the CVS merchandise. She was attempting to follow CVS policy to recover the merchandise.

38.    CRINER and the shoplifter engaged in a tug of war over the merchandise. CRINER never struck or shoved the shoplifter. Her goal was to retrieve the stolen merchandise.

39.    A second CVS HEALTH employee ran to CRINER's aid, and took the shoplifter's purse. CRINER did not take the shoplifter's purse.

40.    At that point the shoplifter dropped the stolen merchandise onto the ground, and CRINER recovered the merchandise for CVS HEALTH's benefit.

41.    Witnesses to the incident called the police, and the shoplifter was arrested for theft.

42.     CRINER told her manager about the incident the next day. Nothing happened.

43.     In August 2016, more than a month after the incident, CVS initiated an investigation of the shoplifting incident.

44.     CVS then terminated CRINER, claiming specifically that CRINER violated its shoplifting policy because she "ran after a customer after leaving the store and grabbed her personal purse and brought it inside and searched it. She pushed the customer during the incident."

45.     Video surveillance in CVS HEALTH's possession shows that the reasons CVS HEALTH proffered for termination are false and simply a pretext. CRINER did not run after the shoplifter. CRINER did not grab the shoplifter's purse. CRINER did not push the shoplifter.

46.     CVS took advantage of the incident to terminate CRINER as part of its pattern and practice of terminating former Longs' employees because of their higher wages, a practice that violates California law as it adversely impacts employees over the age of 40.

47.     On October 4, 2016, CRINER demanded all of her personnel records pursuant to California Labor Code section 1198.5. CRINER's demand included all documents related to her termination.

48.     CVS Health responded to CRINER's request on November 11. CVS did not include CRINER's complete personnel file, and specifically excluded a written statement signed by CRINER that related to her termination.

## FIRST CAUSE OF ACTION
### Age Discrimination

*(In violation of Cal. Gov. Code §§ 12900 et seq.)*

49.     CRINER re-alleges and incorporates by reference all previous paragraphs herein.

50.     The Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 *et seq.*, prohibits discrimination against an employee on account of their age, and provides that it is unlawful for an employer to discharge an employee on the basis of their age.

51.     The FEHA also provides that it is illegal to use salary as a basis for differentiating between employees when use of that criterion adversely impacts older workers.

52. Specifically, California Government Code section 12941 states:

The Legislature declares its intent that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group, and further declares its intent that the disparate impact theory of proof may be used in claims of age discrimination. The Legislature further reaffirms and declares its intent that the courts interpret the state statutes prohibiting age discrimination in employment broadly and vigorously, in a manner comparable to prohibitions against sex and race discrimination, and with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers.

53. At all times relevant herein, CRINER was over the age of 40 and protected by California's age discrimination statutes.

54. At all times relevant herein, CVS HEALTH has engaged in a pattern and practice to terminate or cut the pay of Longs employees. This pattern and practice adversely impacts older workers as a group.

55. CVS HEALTH engaged in this same pattern and practice against CRINER by terminating her so that they could get rid of her higher salary. CVS used the shoplifting incident as a pretext to terminate her, as evidenced by their fabricated termination notice that claimed that she ran after the customer, grabbed her purse and shoved her.

56. A younger worker replaced CRINER.

57. CRINER was not afforded her rights under FEHA by DEFENDANTS. Instead, she was subjected to unlawful, discriminatory employment practices prohibited by the laws of California. DEFENDANTS discriminated against CRINER based on her age.

58. DEFENDANTS knew the substance of the above described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.

59. As a direct and proximate result of DEFENDANTS' conduct, CRINER has suffered damages in the form of lost future earnings, benefits, and/or other prospective damages, in an amount to be proven at trial.

60.     As a further direct and proximate result of DEFENDANTS' conduct, CRINER has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain, distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

61.     In engaging in the conduct alleged herein, DEFENDANTS, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously toward CRINER, with conscious disregard for her known rights and with the intention of causing, and or willfully disregarding the probability of causing, unjust and cruel hardship to CRINER. In so acting, DEFENDANTS intended to and did vex, injure and annoy CRINER. Therefore, an assessment of punitive damages should be made against DEFENDANTS in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

62.     Finally, CRINER is entitled to costs and reasonable attorneys' fees pursuant to California Government Code § 12965(b).

## SECOND CAUSE OF ACTION
### Violation of California Labor Code Section 1198.5

63.     CRINER re-alleges and incorporates by reference all previous paragraphs herein.

64.     Under California Labor Code section 1198.5, an employee is entitled to <u>all</u> of his/her personnel records relating to the employee's performance or to any grievance concerning the employee within thirty days from an employer's receipt of the request.

65.     An employer who fails to provide all of these important documents within thirty days of receipt of the request the employee may recover a penalty of $750 from the employer, and may recover costs and reasonable attorney's fees in such an action.

66.     In October 2016 CRINER requested all of her personnel records, including all records related to her termination. As CVS HEALTH's position was that she was terminated for violating its shoplifting policies, i.e., *her performance*, all documents related to the shoplifting incident should have been provided.

67.     CVS HEALTH failed to produce all documents related to CRINER's performance and termination within thirty days.  Specifically, CVS intentionally withheld a written statement it forced CRINER to sign during its "investigation" of the shoplifting incident.

68.     CRINER is informed and believes and thereupon alleges that CVS HEALTH continues to withhold documents related to CRINER's termination, and thus has violated California Labor Code section 1198.5.

### THIRD CAUSE OF ACTION
### Breach Of Implied-In-Fact Contract To Discharge Only For Good Cause

69.     CRINER re-alleges and incorporates by reference all previous paragraphs herein.

70.     At all relevant times herein, CRINER and CVS HEALTH had entered into an employment relationship.

71.     At all relevant times herein, CRINER and CVS HEALTH had an implied-in-fact contract whereby CVS HEALTH promised, by words or conduct, to terminate CRINER only for good cause.

72.     At all relevant times, CRINER substantially performed her job duties.

73.     CVS HEALTH discharged CRINER without good cause and under false pretense.

74.     As a result of this discharge, CRINER was harmed.

75.     As a direct and proximate result of CVS HEALTH's conduct, CRINER has suffered damages in the form of lost future earnings, benefits, and/or other prospective damages, in an amount to be proven at trial.

76.     As a further direct and proximate result of CVS HEALTH's conduct, CRINER has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain, distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

77.     In engaging in the conduct alleged herein, DEFENDANTS, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously toward CRINER with conscious disregard for her known rights and with the intention of causing, and or willfully disregarding the probability of causing, unjust and cruel hardship to CRINER. In so acting, DEFENDANTS intended to and did vex, injure and annoy CRINER. Therefore, an assessment of punitive damages should be made against DEFENDANTS in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

## FOURTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

78.     CRINER re-alleges and incorporates by reference all previous paragraphs herein.

79.     California law prohibits an employer from terminating an employee in violation of public policy. California maintains fundamental public policies prohibiting discrimination on the basis of an employee's age. This policy is codified under Cal. Govt. Code §§ 12920, 12940, and under numerous regulations.

80.     DEFENDANTS' termination of CRINER's employment violated these fundamental public policies.

81.     DEFENDANTS knew the substance of the above described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent. remedy and/or correct these wrongs.

82.     As a direct and proximate result of DEFENDANTS' conduct, CRINER has suffered damages in the form of lost future earnings, benefits, and/or other prospective damages, in an amount to be proven at trial.

83.     As a further direct and proximate result of DEFENDANTS' conduct, CRINER has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain, distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

84.     In engaging in the conduct alleged herein, DEFENDANTS, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously toward CRINER, with conscious disregard for her known rights and with the intention of causing, and or willfully disregarding the probability of causing, unjust and cruel hardship to CRINER.  In so acting, DEFENDANTS intended to and did vex, injure and annoy CRINER.  Therefore, an assessment of punitive damages should be made against DEFENDANTS in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, CRINER prays for relief as follows:

1.     For an order awarding CRINER compensatory damages of $60,000;

3.     For punitive damages according to proof;

4.     For injunctive relief requiring CVS HEALTH to comply with Cal. Lab. Code section 1198.5 as to CRINER and all of its California employees;

5.     For an order awarding $750 in penalties to CRINER and against CVS HEALTH for violating Cal. Lab. Code section 1198.5.

5.     For an award of reasonable attorneys' fees, as provided by Cal. Gov. Code section 12965(b), Cal. Lab. Code section 1198.5 and/or other applicable law;

6.     For all costs of suit; and

7.     For such other and further relief as this Court deems just and proper.

Dated: January 27, 2017          LAW OFFICES OF JOSEPH C. WILSON

Joseph C. Wilson
Attorney for Plaintiff Delia Criner

EXHIBIT D

1   GREGORY G. ISKANDER, Bar No. 200215
    NATALIE M. JANSEN, Bar No. 286401
2   LITTLER MENDELSON, P.C.
    Treat Towers
3   1255 Treat Boulevard
    Suite 600
4   Walnut Creek, CA  94597
    Telephone:    925.932.2468
5   Fax No.:    925.946.9809

6   Attorneys for Defendant
    CVS HEALTH CORPORATION
7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SOLANO

10  DELIA CRINER,                    Case No.  FCS048174

11               Plaintiff,          **DEFENDANT'S ANSWER TO**
                                     **PLAINTIFF'S UNVERIFIED**
12       v.                          **FIRST AMENDED COMPLAINT**

13  CVS HEALTH and DOES 1-20,        ASSIGNED FOR ALL PURPOSES TO JUDGE
                                     MICHAEL MATTICE
14               Defendant.
                                     Dept: 10
15
                                     Trial Date:  None
16                                   Complaint Filed:  December 27, 2016
                                     First Amended Complaint Filed: January 27,
17                                   2017

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
    Treat Towers
1255 Treat Boulevard
    Suite 600
Walnut Creek, CA 94597
    925.932.2468

Defendant CVS HEALTH ("CVS" or "Defendant")[1], by and through its attorney, hereby answers the unverified First Amended Complaint (the "FAC") filed by Plaintiff DELIA CRINER ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers Plaintiff's unverified FAC by generally denying each and every allegation contained therein, by denying Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct defenses.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the FAC and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following affirmative defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Entire Action Subject To Binding Arbitration)

1.     As a separate and distinct affirmative defense, Defendant alleges that the FAC and each cause of action therein are barred and are subject to arbitration because Plaintiff was and is subject to an enforceable and binding arbitration policy/agreement encompassing all of the causes of action alleged in the FAC.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.     As a separate and distinct affirmative defense, Defendant alleges the FAC and each and every alleged cause of action therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

---

[1] Plaintiff has improperly identified "CVS Health," as no such entity exists. Plaintiff presumably means CVS Health Corporation. In any event, Plaintiff was employed by Longs Drug Stores California, L.L.C. rather than CVS Health Corporation.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

3.     As a separate and distinct affirmative defense, Defendant alleges that the FAC, and each and every alleged cause of action therein, or some of them, is barred, in whole or in part, by the equitable doctrine of consent.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.     As a separate and distinct affirmative defense, Defendant alleges that the FAC, and each and every alleged cause of action therein, or some of them, is barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Release)

5.     As a separate and distinct affirmative defense, Defendant alleges that the FAC, and each and every alleged cause of action therein, or some of them, is barred, in whole or in part, by the equitable doctrine of waiver and/or release.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.     As a separate and distinct affirmative defense, Defendant alleges that the FAC, and each and every alleged cause of action therein, or some of them, is barred, in whole or in part, by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.     As a separate and distinct affirmative defense, Defendant alleges that the FAC, and each and every alleged cause of action therein, or some of them, is barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

8.     As a separate and distinct affirmative defense, Defendant is informed and believes

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

1    that further investigation and discovery will reveal, and on that basis alleges, that the FAC and each

2    cause of action set forth therein, or some of them, are barred by the applicable statute(s) of

3    limitation, including without limitation, the limitations period contained in California Code of Civil

4    Procedure sections 337-340 and 343, and/or California Government Code sections 12960 and 12965,

5    and any other applicable statute(s) of limitation.

6    **NINTH AFFIRMATIVE DEFENSE**

7    **(Failure to Exhaust Administrative Remedies)**

8         9.      As a separate and distinct affirmative defense, Defendant is informed and believes

9    that further investigation and discovery will reveal, and on that basis alleges, that the FAC and each

10    cause of action set forth therein, or some of them, are barred because Plaintiff failed to timely and

11    fully and properly exhaust her administrative and/or internal remedies prior to filing suit, including,

12    but not limited to her administrative remedies pursuant to California Government Code sections

13    12960 *et seq.*

14    **TENTH AFFIRMATIVE DEFENSE**

15    **(Exceeds Scope of Administrative Charge)**

16         10.      As a separate and distinct affirmative defense, Defendant is informed and believes

17    that further investigation and discovery will reveal, and on that basis alleges, that the FAC and each

18    cause of action set forth therein, or some of them, are barred to the extent that the Court is without

19    jurisdiction over any claims not like or reasonably related to the allegations or that exceed the scope

20    of the charges made by Plaintiff before the California Department of Fair Employment and Housing

21    and/or the Equal Employment Opportunity Commission.

22    **ELEVENTH AFFIRMATIVE DEFENSE**

23    **(Good Faith, Legitimate Business Decisions)**

24         11.      As a separate and distinct affirmative defense, Defendant is informed and believes

25    that further investigation and discovery will reveal, and on that basis alleges, that the FAC, and each

26    cause of action alleged therein, is barred, in whole or in part, because, without admitting that they

27    engaged in any of the acts, conduct or statements alleged in the FAC, Defendant alleges that it had

28    legitimate, justifiable, good faith, nondiscriminatory business reasons and/or good cause for any

4.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

action(s) taken with respect to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

#### (No Unlawful Action)

12.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the FAC and each cause of action set forth therein, or some of them, cannot be maintained as Plaintiff never was subjected to unlawful employment actions by Defendant, and Defendant committed no violations of public policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (No Unlawful Policy)

13.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Labor Code § 1198.5—Records Provided)

14.     As a separate and distinct affirmative defense, Defendant alleges that it complied with Labor Code section 1198.5 requirements by providing Plaintiff with a copy of her requested personnel records within 30 days from the date Defendant received the written request.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Labor Code § 1198.5—Willfulness)

15.     As a separate and distinct affirmative defense, Defendant alleges that the Second Cause of Action is barred in whole or in part because any alleged failure by Defendant to comply with Labor Code section 1198.5 was neither knowing nor intentional.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Labor Code § 1198.5—Lack of Injury)

16.     As a separate and distinct affirmative defense, Defendant alleges that the Second Cause of action is barred in whole or in part because Plaintiff sustained no injury from any alleged failure by Defendant to comply with Labor Code section 1198.5.

.ITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Preemption)

17.    As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the FAC, and each cause of action set forth therein, or some of them, are barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3600 *et seq*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Employment)

18.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has not suffered cognizable damages or other harm as a result of any act or omission of Defendant, and if any harm was in fact suffered by Plaintiff, including but not limited to emotional and/or mental distress, it was proximately caused by factors other than any act or omission of Defendant or anyone acting on its behalf.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

19.    As a separate and distinct affirmative defense, Defendant alleges that the FAC and each cause of action therein, or some of them, are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

## TWENTIETH AFFIRMATIVE DEFENSE

### (At-Will Employment)

20.    As a separate and distinct affirmative defense, Defendant alleges the FAC and each cause of action set forth therein cannot be maintained as Plaintiff was an at-will employee and therefore could be terminated with or without notice and with or without cause at any time pursuant to California Labor Code section 2922.

///

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Contract)

21.    As a separate and distinct affirmative defense, Defendant alleges that neither the statements of Defendant nor its actions or conduct created the existence of an actual or implied contract with Plaintiff as alleged in the FAC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Cause)

22.    As a separate and distinct affirmative defense, Defendant alleges that, without admitting the need for good cause to justify the termination of Plaintiff, good cause existed for the termination of Plaintiff's employment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

23.    As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff has failed to exercise reasonable care to mitigate her damages, if any were suffered, and that her right to recover against Defendant should be reduced and/or eliminated by such a failure.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

24.    As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce any alleged damages arising from such claim to the fullest extent provided by law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

25.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress as alleged in her FAC, such emotional distress was proximately

7.

JTTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy)

26. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's FAC and each cause of action therein, or some of them, is barred because, to the extent that Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such relief because she has an adequate remedy at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

27. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff has failed to state a claim upon which punitive or exemplary damages can be awarded.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Knowledge Justifying Punitive Damages)

28. As a separate and distinct affirmative defense, Defendant alleges that, without admitting to any of the acts, conduct or statements attributed to it in the FAC, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's FAC were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

29. As a separate and distinct affirmative defense, Defendant alleges provisionally and conditionally that if Plaintiff suffered any damages (which Defendant denies), such damages were proximately or legally caused by the misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of the Plaintiff, other parties and/or unauthorized individuals, including both economic and non-economic damages. In the event of such apportionment,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8.

1    Defendant is entitled to a separate judgment for non-economic damages in direct proportion to its

2    percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault,

3    pursuant to California Civil Code section 1431.2, with such percentage determined by the

4    comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or

5    unknown. To assess any greater percentage of fault and damages than its own against Defendant

6    would constitute a denial of equal protection of the law and due process which is guaranteed by the

7    United States and California Constitutions.

8                          **THIRTIETH AFFIRMATIVE DEFENSE**

9                                  **(Due Process)**

10        30.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

11    entitled to recover any punitive damages because the provisions of California law allowing for the

12    award of punitive damages and the substantive rules, procedures and standards for determining

13    whether or not to award them and, if so, in what amount, violate Defendant's rights to due process

14    and/or equal protection under the law, under the United States and/or California Constitutions.

15                         **THIRTY-FIRST AFFIRMATIVE DEFENSE**

16               **(Emotional Distress Damages Unconstitutional)**

17        31.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

18    entitled to recover emotional distress damages because California's system of emotional distress

19    damages is unconstitutional under *State Farm Mutual Automobile Ins. Co. v. Campbell*,

20    538 U.S. 408 (2003), as well as the United States and California Constitutions.

21                       **THIRTY-SECOND AFFIRMATIVE DEFENSE**

22             **(Failure to State Facts Sufficient For Attorneys' Fees)**

23        32.    As a separate and distinct affirmative defense, Defendant is informed and believes

24    that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's FAC,

25    and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed to

26    state facts sufficient to entitle her to costs of suit incurred herein and/or an award of attorneys' fees.

    ///

27

    ///

28

JITLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

33.     As a separate and distinct affirmative defense to the FAC and each and every claim for relief contained therein, Defendant asserts that any recovery by Plaintiff must be offset, denied, or reduced by any compensation that Plaintiff has received from any other source.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Frivolous and Vexatious Litigation)

34.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

## ADDITIONAL AFFIRMATIVE DEFENSES

### (Reservation of Rights)

35.     Defendant does not presently know all facts with respect to the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

///

///

///

///

///

///

///

///

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.    The FAC be dismissed in its entirety with prejudice;

2.    Plaintiff takes nothing by this action against Defendant;

3.    Defendant is awarded its costs of suit and attorneys' fees pursuant to law;

4.    Judgment be entered in favor of Defendant and against Plaintiff; and

5.    Defendant is awarded such other and further relief as the Court deems just and proper.

Dated: February 17, 2017

GREGORY G. ISKANDER
NATALIE M. JANSEN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
CVS HEALTH CORPORATION

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 200215 | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: 200215
NAME: Gregory G. Iskander
FIRM NAME: Littler Mendelson, A Profesional Corporation
STREET ADDRESS: 1255 Treat Blvd., Suite 600
CITY: Walnut Creek     STATE: CA     ZIP CODE: 94597
TELEPHONE NO.: (925) 932-2468     FAX NO.: (925) 946-9809
E-MAIL ADDRESS: giskander@litter.com
ATTORNEY FOR (name): Defendant CVS Health Corporation

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
  STREET ADDRESS: 580 Texas Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Fairfield, CA 94533
  BRANCH NAME:

| | |
|---|---|
| Plaintiff/Petitioner: Delia Criner | **CASE NUMBER:** |
| Defendant/Respondent: CVS Health Corporation | FCS048174 |

| **PROOF OF SERVICE-CIVIL** | JUDICIAL OFFICER: |
|---|---|
| | Judge Michael Mattice |

**Check method of service** *(only one):*

| | | DEPARTMENT: |
|---|---|---|
| ☐ By Personal Service    ☒ By Mail    ☐ By Overnight Delivery | | 10 |
| ☐ By Messenger Service    ☐ By Fax | | |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
1255 Treat Blvd., Suite 600, Walnut Creek, CA 94597

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* February 17, 2017      I served the following **documents** *(specify):*
Defendant CVS Health Corporation's Answer to Plaintiff's Complaint

   ☐ The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
  a. Name of person served: Joseph C. Wilson
  b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
     Business or residential address where person was served:
     Law Offices of Joseph C. Wilson, 388 Market Street, Suite 1300, San Francisco, CA 94111
  c. ☐ *(Complete if service was by fax.)*
    (1) Fax number where person was served:

    (2) Time of service:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
  a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2016]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

| CASE NAME: | CASE NUMBER: |
|---|---|
| Criner v. CVS Health Corporation | FCS048174 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* Walnut Creek, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 17, 2017

Gina Camacho
   (TYPE OR PRINT NAME OF DECLARANT)        ▶ *Gina Camacho*    (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

   (NAME OF DECLARANT)       ▶    (SIGNATURE OF DECLARANT)

American LegalNet, Inc.
www.FormsWorkFlow.com